IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | CIVIL ACTION NO. 1:06-CV-01232 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ART ROBERTS**, ET AL. | : | |
| Defendants. | : | |

## MEMORANDUM

Pending before the Court is Plaintiff Frederick Banks' Motion for Restraining Order and Injunctive Relief. (Doc. 11). Therein, Banks seeks to enjoin prison officials from denying him his ability to freely exercise his religion. For the reasons set forth below, the Court will deny Banks' motion.

**I.     Background**

Banks presently seeks an injunction from the Court in order to require that prison officials at his place of incarceration, the United States Penitentiary-Canaan ("USP-Canaan"), provide him with certain items he deems necessary for the practice of his religion, Thelema. He seeks a restraining order because he views Defendants' inaction as a retaliatory attack against him for his religious beliefs and practices. In support, Banks alleges that on June 26, 2006, he requested from the USP-Canaan chaplain "some religious books that he requires to practice his religion, Thelema" and "a plot of land on which he could establish a pyramid temple, pentagram and artifacts such as a statue were [sic] he could pray to his gods, Ra, Nuit, Osiris and Horus." (Doc. 11, p.1). In response the chaplain informed

Banks on July 2, 2006, that he would submit an application for Banks' request to prison officials because he was not familiar with the religion of Thelema. The chaplain indicated that Banks would receive a response within 120 days. Finding this 120-day delay "appalling", given that he had already been incarcerated at USP-Canaan for two months without a Thelema text or temple, Banks has filed the present motion for injunctive relief. (Doc. 11, p.1).

## II.   Discussion

In order to obtain injunctive relief, the moving party must demonstrate: (1) a reasonable probability of success on the merits; (2) the movant will be irreparably injured by denial of the relief; (3) the granting of preliminary relief will not result in even greater harm to the nonmoving party; and (4) the granting of preliminary relief will be in the public interest. American Civil Liberties Union of New Jersey v. Black Horse Pike Regional Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996). In the prison context, requests for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Riley v. Snyder, 72 F.Supp. 2d 456, 459 (D. Del. 1999)(citations omitted).

A court issues a preliminary injunction in a lawsuit to preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Thus, a party moving for a preliminary injunction must necessarily establish a relationship

between the injury claimed in the party's motion and the conduct asserted in the complaint. Id.

In this case, the alleged circumstances leading to the present motion, in which Banks declares an infringement upon his right to freely exercise his religion, bears no relation whatsoever to the allegations asserted in Banks' amended complaint. (Doc. 9). In that complaint, Banks alleges that he has been denied equal protection of the laws under the United States Constitution because his wages as a landscaper at USP-Canaan are unequal to those of non-prisoner civilian federal employees or other prisoners at the compound with different duties. Banks asserts that he is a federal employee entitled to the federal minimum wage for non-prisoner civilians, or in the alternative, a wage equal to that of the other prisoners at USP-Canaan. (Doc. 9, pp. 2-3). In addition, Banks seeks monetary damages from the named Defendants. Clearly the allegations in Banks' amended complaint do not relate whatsoever to the present motion; thus, the allegations in the present motion have no place in this litigation. Accordingly, Banks' motion for a restraining order and injunctive relief must be denied.[1]

---

[1] The court also notes that Banks' request for Thelema's The Book of the Law and for a plot of land on which to erect a pyramid temple remains outstanding before USP-Canaan prison officials. Therefore, Banks' request for relief is premature. Upon exhaustion of his administrative remedies, Banks' proper remedy is a separate action.

An appropriate order will issue.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: July 21, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | CIVIL ACTION NO. 1:06-CV-01232 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **ART ROBERTS, ET AL.** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 21st day of July, 2006, upon consideration of Plaintiff Frederick Banks' motion for restraining order and injunctive relief (Doc. 11), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that Plaintiff's motion is DENIED.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge