IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:06-CV-01232** |
| Plaintiff | : | |
| v. | : | (Judge Conner) |
| **ART ROBERTS, ET AL.** | : | |
| Defendants. | : | |

## **MEMORANDUM**

Plaintiff, Frederick Banks, an inmate currently incarcerated at the Federal Correctional Institution in Petersburg, Virginia ("FCI-Petersburg Medium), commenced this *pro se* Bivens[1] styled civil rights action pursuant to 28 U.S.C. §1331. Pending before the Court is Banks' supplemental motion for restraining order and notice and his emergency second supplemental motion for restraining order and injunction. (Docs. 13 & 14). For the reasons set forth below, the Court will deny Banks' motions.

**I.     Background**

Banks filed the present complaint while incarcerated at the United States Penitentiary at Canaan ("USP-Canaan") in Waymart, Pennsylvania. In his amended complaint (Doc. 9), Banks alleges that he has been denied equal protection of the laws under the United States Constitution because his wages as a landscaper at USP-Canaan are unequal to those of non-prisoner civilian federal employees or other prisoners at the compound with different duties. Banks asserts that he is a federal employee entitled to the federal minimum wage for non-prisoner civilians, or in the alternative, a wage equal to that of other prisoners at USP-

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

Canaan. (Doc. 9, pp. 2-3). In addition, Banks seeks monetary damages from the named defendants.

On July 7, 2006, Banks filed a motion for restraining order and injunctive relief (Doc. 11), which the Court denied by Order dated July 21, 2006 (Doc. 15). Prior to the issuance of the Court's Order, however, Banks filed a supplemental motion for restraining order and notice (Doc. 14) and an emergency second motion for restraining order and injunction (Doc. 13). In both motions Banks seeks an Order directing the defendants not to retaliate against him for initiating this action in court and for filing a notice of *lis pendens*.[2] On August 10, 2006, the defendants filed a brief in opposition to Banks' motions for restraining order and injunctive relief. (Doc. 18). In that brief, defendants inform the Court that Banks was transferred to the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner Low") on August 7, 2006. (Doc. 18, Exhibit #2 to brief).[3] Nevertheless, Banks' motions for injunctive relief remain pending before the Court.

II. **Discussion**

It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459 n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S.

---

[2]Upon review of Banks' notice of *lis pendens* (Doc. 10), the Court notes that it is not related to any motion in the pending case, and will strike it accordingly.

[3]The exhibit indicates that Banks was transferred to the FCI-Butner Low on August 7, 2006 (Doc. 18, Exhibit #2, page 3); however, as of the date of this Order, Banks is incarcerated at FCI-Petersburg Medium on holdover status. (See Doc. 19).

488, 495-96 (1974)).  A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional.  Abdul-Akbar v. Watson, 4 F.3d 195, 206-207 (3d Cir. 1993); *see also* Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

In the case *sub judice*, USP-Canaan officials filed a request for transfer of Banks on July 28, 2006.  The request cites to a recent conversation between Banks and the Warden of USP-Canaan in which Banks demonstrated knowledge of the Warden's personal information, ranging from the type and model of the Warden's vehicle to the Warden's residential address.  (Doc. 18, page 3).  Noting Banks' extensive history of manipulative behavior, prison officials asserted that Banks required greater security than that which USP-Canaan could provide and requested he be transferred to a secure facility capable of accommodating such needs.  Banks was subsequently transferred out of USP-Canaan on August 7, 2006.[4]

In light of the circumstances of Banks' transfer, there is nothing in the record to suggest that there exists a reasonable probability of his return to USP-Canaan in the foreseeable future.  Consequently, Banks' claims for a restraining order and injunctive relief are moot and will be dismissed.  *See* Fortes v. Harding, 19 F. Supp.2d 323, 326 (M.D. Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief.").  However, the Court recognizes that a prisoner's transfer or release does not moot his claims for damages.  *See* Muslim v. Frame, 854 F. Supp. 1215, 1222 (E.D. Pa. 1994) (stating "an alleviation of an alleged unconstitutional condition does not moot a prisoner's claim for actual and punitive damages").

---

[4]*See* id.

An appropriate Order will issue.

                                               <u>S/ Christopher C. Conner</u>
                                               CHRISTOPHER C. CONNER
                                               United States District Judge

Dated:       August 25, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:06-CV-01232** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ART ROBERTS**, ET AL. | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 25th day of August, 2006, upon consideration of Banks' supplemental motion for restraining order and notice (Doc. 14) and his emergency second supplemental motion for restraining order and injunction (Doc. 13), it is hereby ORDERED that:

1. Banks' motions (Docs. 13 & 14) are DENIED as moot.

2. The Court directs the Clerk's Office to strike plaintiff's notice of *lis pendens* (Doc. 10) as it is not related to any motion in the pending case.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge