## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | **CIVIL ACTION NO. 1:06-CV-01232** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **ART ROBERTS, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

Presently before the court is a motion to dismiss (Doc. 25) the amended complaint[1] (Doc. 9) of plaintiff Frederick Banks ("Banks"), filed on behalf of the Federal Bureau of Prisons ("BOP"), and prison officials from the United States Penitentiary-Canaan ("USP-Canaan") in Waymart, Pennsylvania (collectively, "defendants").[2] Banks contends that defendants have denied him the federal minimum wage for his work at USP-Canaan. He also makes several allegations regarding prison conditions at USP-Canaan. For the reasons set forth below, the motion to dismiss will be granted.

---

[1] The court directed service of the amended complaint on July 7, 2006. (<u>See</u> Doc. 12.)

[2] Named as defendants are the BOP, the director of the BOP, Art Roberts, Jeff O'Hara, Dennis Forman, Cameron Lindsay, Kevin Rapp, and George Compton.

# I.    Statement of Facts

Banks' amended complaint, filed July 5, 2006, contains sixteen (16) counts against defendants, set forth as <u>Bivens</u>[3] claims, a Federal Tort Claims Act (FTCA) claim, a claim of negligence, and claims under the False Claims Act.  At all relevant times, Banks was incarcerated at USP-Canaan.[4]

## A.    Bivens Claims

Banks first alleges that defendants "conspired to deny Banks his constitutional rights to equal protection and equal treatment by paying him lower wages than other inmates in the same pay grade and denying him the possibility of bonuses and refused to pay him the federal minimum wages even though he is a federal employee and is entitled to be payed minimum wage."  (Doc. 9 at 1.)  He also complains of dirty showers, a "diet of chicken and out dated pudding," and an overcrowded housing unit at USP-Canaan.  (Doc. 9 at 5.)  In addition, Banks claims that when he challenged these conditions through the BOP administrative remedy procedure, defendants retaliated against him by "curtailing his postage" in order to

---

[3]  <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  <u>Bivens</u> actions are the federal counterpart to § 1983 claims brought against state officials.  <u>Egervary v. Young</u>, 366 F.3d 238, 246 (3d Cir. 2004) (citing <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 800 (3d Cir. 2001)).  "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a <u>Bivens</u> claim against federal officials."  <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1409 (3d Cir. 1991).

[4]  Since the filing of the instant action, Banks has been transferred from USP-Canaan, and is now incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City Low").  (<u>See</u> Doc. 28.)

prevent him from filing documents with the "various courts and BOP officials."
(Id.)

The record shows that Banks filed twenty-three (23) requests for administrative remedy from USP-Canaan on various topics and to various levels, including both the Northeast Regional and Central Offices. (Doc. 26-2, Exhibit ("Ex.") 1.)[5] Several of those requests pertain to Banks' claims in the amended complaint.

On June 21, 2006, Banks filed administrative remedy 417605-F1, requesting "equal pay and bonuses and a job in UNICOR." (Ex. 1 at ¶ 9.) That request was denied on July 5, 2006, and there is no record of Banks appealing the decision. (Id.) Also on June 21, 2006, Banks filed administrative remedy 417685-F1, requesting the "national minimum wage rather than .12/hour." (Ex. 1 at 7.) That request was also denied on July 5, 2006. (Id.) There is no record of Banks appealing that decision. (Ex. 1 at ¶ 10.)

On June 27, 2006, Banks filed administrative remedy 418393-F1, claiming the showers drains were not functioning and were a health concern. (Ex. 1 at 8.) That request was denied on July 10, 2006. (Id.) Banks did not appeal this decision. (Id.)

---

[5] Defendants have submitted the declaration of L. Cunningham, supervisory attorney at the United States Penitentiary at Lewisburg, Pennsylvania, which verifies the accuracy of all the administrative remedies pursued by Banks, and the responses thereto, while he was incarcerated at USP-Canaan. (Doc. 26-2, Ex. 1.) Also attached as exhibits are the relevant SENTRY computer-generated records of Banks' exhaustion attempts. (Id.)

On June 27, 2006, Banks filed administrative remedy 418655-F1 concerning his allegations of overcrowding in his housing unit.  (Ex. 1 at 8.)  That request was denied on July 12, 2006.  (Id.)  Banks appealed that decision to the Northeast Regional Office with administrative remedy 418655-R1 on July 25, 2006.  (Ex. 1 at 15.)  The Regional Office denied his request on July 26, 2006.  (Id.)  There is no record of Banks appealing that decision.

On May 26, 2006, Banks filed administrative remedy 414747-F1, requesting stamps, but withdrew that request on May 30, 2006.  (Ex. 1 at 5.)  On June 23, 2006, Banks filed administrative remedy 417833-F1, requesting "unlimited postage stamps/envelopes."  (Ex. 1 at 7.)  This request was denied on July 10, 2006.  (Id.)  Banks did not appeal either of these decisions.  The record indicates, however, that USP-Canaan officials issued stamps to Banks as follows: June 1, 2006 (seven (7) stamps for legal mail); June 6, 2006 (sixteen (16) stamps for legal mail); June 7, 2006 (twenty-six (26) stamps for legal mail); June 9, 2006 (three (3) stamps for legal mail); June 12, 2006 (ten (10) stamps for legal mail); June 16, 2006 (sixty-four (64) stamps for legal mail); and, June 19, 2006 (thirty-six (36) stamps for legal mail).  (Doc. 26-2, Ex. 2 at ¶ 2.)[6]  Additionally, the record indicates that, in accordance with BOP policy, Banks was issued five (5) stamps at no cost on June 20, 2006, and June 26,

---

[6]  Defendants have submitted the declaration of Julie A. Nicklin, camp administrator/executive assistant at USP-Canaan, which verifies the accuracy of the record of issuance of stamps to Banks while confined at USP-Canaan and prior to the filing of this action.  (Doc. 26-2, Ex. 2.)

2006, and informed that he would be issued five (5) stamps per week thereafter. (Ex. 2 at ¶ 3.)[7]

## B.   FTCA Claim

In his amended complaint, Banks asserts that he "filed a Federal Tort Claim against the federal bureau of prisons and is entitled to damages for the herein cited violations." (Doc. 9 at 4.) In a notice to the court, defendants submitted documentation revealing that Banks exhausted his FTCA claim.[8] (Doc. 30.) That documentation indicates that Banks filed an administrative tort claim relating to his

---

[7] BOP program statement 5265.11, relating to correspondence, states in pertinent part,

> d. An inmate who has neither funds nor sufficient postage and who wishes to mail legal mail . . . or Administrative Remedy forms will be provided the postage stamps for such mailing. . . .
> (1) To prevent abuses of Bureau directives regarding purchase of postage, Wardens shall:
> (a) Provide an inmate who has neither funds nor postage up to five postage stamps . . . or the equivalent each week, for legal mail or Administrative Remedy filings.

(Ex. 2 at 3-4.) USP-Canaan officials utilized this policy upon review of Banks' commissary account, which indicated that, as of June 23, 2006, his balance for the previous thirty (30) days was $0. (Ex. 2 at ¶ 3.)

[8] On April 23, 2007, the court directed defendants to brief the issue of whether Banks has exhausted his administrative remedies as they pertain to his administrative tort claim filed under the FTCA. (See Doc. 29.)

claims over his wages with the Northeast Regional Office on June 26, 2006.[9]  (See
Doc. 30-2 at 4.)  That claim was originally denied by the Regional Office due to
Banks' failure to sign the claim.  (Id.)  Subsequently, Banks' claim was properly
received by the Regional Office on August 7, 2006, and denied on February 1, 2007.[10]
(Doc. 30-2 at 6.)  In denying the claim, the agency found that Banks, in fact, had
received bonuses for his work as a landscaper; there was no evidence of Banks
receiving treatment different from other inmates; an inmate is not entitled to the
federal minimum wage for non-inmate employees; and, Banks had never entered
into a contract with UNICOR for his employment at the prison.[11]  (Id.)

───────────────

[9]  Banks stated his basis for a claim as follows:

> Prisoner being denied equal pay from other inmates at the same grade
> 4 pay grade and no access to bonuses in violation of the right to equal
> treatment and equal protection in accordance with due process.
> Prisoner is a Federal Employee and entitled to minimum wage but
> instead is only receiving .12 an hour.  Prisoner signed a contract to be
> in UNICOR which has not been honored in this breach of contract.

(Doc. 30-2 at 5.)

[10]  At the time Banks filed his complaint in this court, the Northeast Regional
Office had not yet denied his claim.  However, in defendants' notice to the court
dated May 7, 2007 (Doc. 30), defendants concede that Banks properly exhausted his
FTCA claim, thereby waiving an argument that Banks failed to exhaust the claim
prior to filing his complaint in this court.  Thus, the court will consider Banks'
claims on the merits.

[11]  After reviewing this claim, the Regional Office found that instead of
signing a contract Banks had signed a form requesting priority work placement due
to the large amount of restitution owed by him.  (Doc. 30-2 at 6.)

In addition, Banks asserts count fifteen (15) under negligence.  In his amended complaint, he contends that USP-Canaan officials violated their duty to "protect him from harm and defend [Banks'] earning power to the fullest."  (Doc. 9 at 4.)  He argues that defendants breached these duties owed to him "when they flat out refused to bring Bank's [sic] pay up to snuff with other inmates, refused to provide bonuses, refused to place him in UNICOR even though he had signed a contract and even ignored his request because of his indigence to give him a tube of tooth paste."  (Id.)  Banks essentially raised these same claims when he filed his FTCA claim to the Regional Office.

Insofar as Banks is seeking damages for the negligence of BOP employees with regard to their protection of him as a federal inmate, it is the FTCA which confers on district courts subject matter jurisdiction over negligence actions against the United States.  See 28 U.S.C. § 1346(b)(1).  Consequently, and in the interest of justice to this *pro se* litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court will construe this claim as one brought under the FTCA.[12]

## C.    False Claims Act

Banks asserts counts eight (8) through fourteen (14) under the False Claims Act, see 31 U.S.C. § 3729 *et seq.*, claiming that defendants "violated the False Claims Act by deceiving the United States and withholding wages from hardworking

---

[12]  It should be noted that the court cannot consider Banks' negligence claim under Bivens, because negligence is not the basis of a constitutional claim.  See Bivens, 403 U.S. at 392 (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's *constitutional* rights).

indigent inmates including Banks that they are entitled to." (Doc. 9 at 3.) In addition, he states, "Defendants violated the False Claims Act because they are withholding money from inmates, claiming there is a budget crunch, then reapplying the misused funds to their own benefit." (Id.)

Banks' argument here relates to his claim that he is entitled to the minimum wage for civilian non-prisoner federal employees. In support, Banks asserts that he is "a Federal Employee who happens to be an inmate." (Id.) In their motion to dismiss, defendants contend that Banks' False Claims Act claims should be dismissed because Banks, as a federal inmate, is not an employee in the context of minimum wage for purposes of the Federal Fair Labor Standards Act, see 29 U.S.C. §§ 201-209.

## II.   **Motion to Dismiss**

### A.   **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran &

8

Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (stating that, although a district court ruling on a motion to dismiss may not generally consider matters extraneous to the pleadings, a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). "The complaint will be deemed to have alleged sufficient facts if it adequately put the defendants on notice of the essential elements of the plaintiffs' cause of action." Langford, 235 F.3d at 847 (quoting Nami, 82 F.3d at 65). The court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**B.    Discussion**

Defendants first seek to dismiss Banks' amended complaint on the grounds that Banks failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

1.    **Bivens Claims**

The PLRA requires a prisoner to present his or her claims through an administrative grievance process before seeking redress in federal court.  The act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process.  See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)).  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71.  The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court.  Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 2386.

Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 2387 (quoting Nussle, 534 U.S. at 525). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

Further, the United States Court of Appeals for the Third Circuit recently stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (not precedential). In citing to a case from the United States Court of Appeals for the Eighth Circuit, Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003), the Third Circuit Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his Bivens claim. "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred." Oriakhi, 165 Fed. Appx. at 993 (quoting Johnson, 340 F.3d at 627-28).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. Id. Therefore,

it must be pleaded and proven by the defendants.  <u>Brown v. Croak</u>, 312 F.3d 109, 111 (3d Cir. 2002).

An inmate may challenge any aspect of his or her confinement using the BOP's administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq*.  An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief.  28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined.  <u>Id</u>. at § 542.14(a).  If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP.  <u>Id</u>. at §§ 542.15(a) and 542.18.  No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

Defendants claim that the record of Banks' requests for administrative remedies shows that he has not properly exhausted all available administrative remedies with respect to his <u>Bivens</u> claims, and therefore, the amended complaint should be dismissed.  Banks addresses exhaustion of administrative remedies in his amended complaint.  He claims that he filed administrative remedies with the USP-Canaan counselor.  (Doc. 9 at 1.)  However, Banks alleges that exhaustion of those remedies became futile when he learned that defendants "will not bend on the wages."  (<u>Id</u>.)  In addition, he states, "In his good faith effort Banks will continue to file the administrative remedies during the pendency of this action and notify the

Court with a supplement or notice once the futile exhaustion becomes finalized by filing [administrative remedies]."  (Doc. 9 at 1-2.)

In his response to defendants' motion to dismiss (Doc. 27), Banks does not dispute the veracity of the exhibits filed by defendants in support of their motion to dismiss, but rather continues to claim that his efforts to properly and fully exhaust his administrative remedies were "obstructed" by defendants.  (Doc. 27 at 1.)  In support, he asserts that defendants refused to provide him with proper forms and "instructed . . . officials at other institutions while I was in transit not provide me with the administrative remedy forms so that I could fully exhaust remedies like defendants have done at Canaan."[13]  (Id.)  He again asserts that defendants failed to provide him with stamps, and that any claims by defendants to the contrary "is a complete and utter lie."  (Doc. 27 at 2.)

Banks' futility argument with respect to his wages is unconvincing.  An inmate must take advantage of all administrative remedies available to him.  See Brown, 312 F.3d at 111.  An administrative remedy may be found to be unavailable where a prisoner is prevented by prison authorities from pursuing the prison grievance process.  See e.g., Brown, 312 F.3d at 112 (noting that prison security officials told inmate he must wait to file a grievance until the investigation was complete; Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (finding that inmate put on grievance restriction).  In Banks' case, there is no record that he appealed

---

[13] See supra note 4, at 2.

the decision of USP-Canaan officials denying his constitutional claims relating to his wages.  However, Banks states that exhaustion of this claim "is futile since the BOP will not bend on the wages."  (Doc. 27 at 2.)  Because the PLRA precludes a futility exception to the exhaustion requirement, see Nyhuis, 204 F.3d at 71, the defendants' motion to dismiss as to this claim will be granted.

The court now turns to the remaining Bivens claims asserted by Banks.  First, Banks complains of dirty showers in USP-Canaan.  The record evidence indicates that Banks filed his first administrative remedy with regard to this claim on June 27, 2006, one week prior to filing his amended complaint in this court.  (See Doc. 9 at 8.)  That request was denied on July 10, 2006, five days after Banks' amended complaint was received in this court.  (See Doc. 9.)  Given this timing, clearly not only did Banks not comply with the BOP's administrative remedy procedure, but he also did not afford prison officials time and opportunity to address his request for administrative remedy prior to commencing an action in this court.  See Woodford, 126 S.Ct. at 2387.  Therefore, by examining the docket, it is clear that the court is precluded from reviewing this claim because any exhaustion attempt on the part of Banks could only have taken place after he filed the instant Bivens claim.  See Oriakhi, 165 Fed. Appx. at 993.  Consequently, the motion to dismiss as to this claim will be granted without prejudice to any right Banks may have to assert it in a newly filed complaint.

Second, Banks asserts that "inmates are sustained on a diet of chicken and out dated pudding." (Doc. 9 at 5.)  The record evidence indicates that Banks had not filed a request for administrative remedy with regard to this claim prior to filing the instant action in this court.  As a result, the court is precluded from reviewing this claim due to Banks' failure to exhaust his administrative remedies.  Consequently, the motion to dismiss as to this claim will be granted without prejudice to any right Banks may have to assert it in a newly filed complaint.

Third, Banks complains of overcrowding in his housing unit at USP-Canaan.  The record evidence indicates that Banks initially filed a request for administrative remedy with regard to this claim on June 27, 2006, one week prior to filing the amended complaint in this court.  (See Doc. 9 at 8.)  That request was denied on July 12, 2006, one week after Banks' amended complaint was received in this court.  (See Doc. 9.)  Banks appealed that denial to the Regional Office on July 26, 2006, three weeks after his amended complaint was received in this court.  (See id.)  Here again, by looking to the timing of the filing of the amended complaint, it is clear that the court is precluded from reviewing this claim because any exhaustion attempt on the part of Banks could only have taken place after he filed the instant Bivens claim.  See Oriakhi, 165 Fed. Appx. at 993.  Consequently, the motion to dismiss as to this claim will be granted without prejudice to any right Banks may have to assert it in a newly filed complaint.

Finally, Banks asserts that when he challenged the conditions of USP-Canaan through the BOP administrative remedy procedure, defendants retaliated against him by "curtailing his postage" in order to prevent him from filing documents with the "various courts and BOP officials." (Doc. 9 at 5.) To the extent that Banks is claiming that USP-Canaan officials have violated his constitutional right of access to the courts, this claim will be dismissed as redundant with no harm or prejudice to Banks, as this claim is being addressed in this court in consolidated case number 1:06-cv-1127, <u>Banks v. One or More Unknown Confidential Informants of Federal Prison Camp Canaan, et al.</u>

In sum, Banks has failed to exhaust his administrative remedies with respect to the <u>Bivens</u> claims related to his allegations regarding prison conditions at USP-Canaan and raised in the amended complaint. Consequently, defendants' motion to dismiss as to these claims will be granted without prejudice to any right Banks may have to assert them in a newly filed complaint. Because Banks has not been precluded from asserting his complaint with respect to stamps, a claim which is being adjudicated in <u>Banks v. One or More Unknown Confidential Informants of Federal Prison Camp Canaan, et al.</u>, civil no. 1:06-cv-1127, that claim will be dismissed here as redundant to the identical claims presented in that case.

### 2.    FTCA Claim

It is well-established that a complaint filed pursuant to the FTCA must be brought against the United States. 28 U.S.C. § 2679(b)(1). An agency or employee of the United States is not a proper defendant in such an action. 28 U.S.C. §

16

2679(b); Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983); Scheimer v. Nat'l

Capital Region, Nat'l Park Services, 737 F. Supp. 3, 4 (D.D.C. 1990); Stewart v.

United States, 503 F. Supp. 59, 61 (N.D. Ill. 1980).

Generally, under the principle of sovereign immunity, the United States

cannot be sued for damages unless it consents to being sued.  United States v.

Mitchell, 445 U.S. 535, 538 (1980).  The FTCA is the consent by the United States to

be sued for torts committed by its employees while in the scope of their

employment.  See 28 U.S.C. § 2675(a).  The FTCA sets forth the government's

consent to be sued for the negligent conduct of its employees "in the same manner

and to the same extent as a private individual under like circumstances."  Howell v.

United States, 932 F.2d 915, 917 (11th Cir. 1991) (quoting 28 U.S.C. § 2674).  The

FTCA allows federal inmates to sue the United States for injuries sustained while

incarcerated.  United States v. Muniz, 374 U.S. 150, 153 (1963).

In presenting a FTCA claim, a plaintiff must show: (1) that a duty was owed

to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent

breach was the proximate cause of the plaintiff's injury/loss.  Mahler v. United

States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd 306 F.2d 713 (3d Cir.), cert.

denied, 371 U.S. 923 (1962).  However, the FTCA limits the jurisdiction of federal

courts to hear claims under its provisions.  A FTCA plaintiff must first present his

claim in writing to the appropriate federal agency as an administrative tort claim.

28 U.S.C. § 2675(a).  The statute of limitations for submitting an administrative tort

claim to the agency is two years.  28 U.S.C. § 2401(b).  The plaintiff may sue in

17

federal court only after receiving a "final denial" by the agency.[14]  28 U.S.C. §

2675(a).  The requirement of receiving a "final denial" by the administrative agency

on a FTCA claim "is jurisdictional and cannot be waived."  <u>Bialowes v. United

States</u>, 443 F.2d 1047, 1049 (3d Cir. 1971).

In the instant case, Banks' FTCA action fails because he has not named the

United States as a defendant.  The individual defendants are not proper parties

under the FTCA.  Because the FTCA authorizes suits only against the United

States, <u>see</u> 28 U.S.C. § 2679, Banks' claims against the individual defendants will be

dismissed.

Moreover, an amendment to Banks' complaint would be futile.  Federal Rule

of Civil Procedure 15(a) provides, in pertinent part, that after a responsive pleading,

a party may amend its pleading "only by leave of court or by written consent of the

adverse party; and leave shall be freely given when justice so requires."  Denial of

an amendment must be based on bad faith or dilatory motives, truly undue or

unexplained delay, repeated failures to cure the deficiency by amendments

previously allowed, or futility of amendment.  <u>Foman v. Davis</u>, 371 U.S. 178, 182

(1962); <u>USX Corp. v. Barnhart</u>, 395 F.3d 161, 166 (3d Cir. 2004).  "Amendment of the

complaint is futile if the amendment will not cure the deficiency in the original

complaint or if the amended complaint cannot withstand a renewed motion to

---

[14]  The agency may either act to deny the claim or, if no action is taken within six months after being filed, the claim will be deemed a final denial for purposes of filing suit in federal court.  28 U.S.C. § 2675(a).

dismiss." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (citing Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983)).

In the instant case, Banks' FTCA claim is based upon the constitutional doctrines of equal protection and due process, as he clearly states in his claim filed in the Northeast Regional Office.  (See Doc. 30-2 at 5.)  It is well-established that claims for damages arising from constitutional violations can only be brought against individual federal defendants under Bivens, and cannot be asserted against the United States or any of its components.  See F.D.I.C. v. Meyer, 510 U.S. 471, 485 (1994).  Consequently, even if he were to amend the claim to name the United States as a party, Banks' claim would still be subject to dismissal because he has asserted only constitutional violations.

Turning to Banks' negligence claim set forth in his amended complaint, and construed here under the FTCA,[15] the court is barred from entertaining this claim because Banks has not met the administrative prerequisites to filing a claim for negligence under the FTCA, see 28 U.S.C. § 2675(a), prerequisites which are jurisdictional in nature and may not be waived.  See Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983).  As set forth above, the FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency.  28 U.S.C. § 2675(a).  The purpose of the "exhaustion requirement is [. . .] to

---

[15] See supra pp. 6-7.

provide notice to the agency so that it can investigate the claim." <u>Barnes v. United States</u>, 137 Fed. Appx. 184, 188 (10th Cir. 2005).

Banks' administrative tort claim was submitted on June 18, 2006, and received by the BOP on June 26, 2006. (Doc. 30-2 at 5.) In his tort claim, Banks claimed that defendants' actions with regard to his pay at USP-Canaan were "in violation of the right to equal treatment and equal protection in accordance with due process." (<u>Id</u>.) By memorandum issued on February 7, 2007, Banks' administrative tort claim was denied by the Northeast Regional Office. (Doc. 30-2 at 6.)

Banks' administrative tort claim only cites the constitutional doctrines of equal protection and due process. Thus, the BOP was not properly notified as to claims involving negligence on the part of defendants. Furthermore, the tort claim makes no mention of negligence and no further administrative tort claims were filed by Banks with regard to this issue. Because Banks has failed to present the entirety of his claim to the agency in accordance with 28 U.S.C. §§ 2675(a), 2674, Banks' claim involving negligence cannot proceed.

Moreover, even if the court were to analyze the instant claim under the FTCA, the facts demonstrate that Banks has failed to state a *prima facie* case of negligence under applicable Pennsylvania law.[16] In order to establish negligence

---

[16] The substantive law of the state where the alleged tort occurred generally governs a FTCA claim. <u>See</u> 28 U.S.C. §§ 1346(b), 2674; <u>see</u> <u>also</u> <u>Rodriquez v. United States</u>, 823 F.2d 735, 739 (3d Cir. 1987).

under Pennsylvania law, Banks must show: (1) a duty or obligation recognized by law, requiring a BOP employee to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. Morena v. South Hills Health Sys., 462 A.2d 680, 684 n.5 (Pa. 1983); see also Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1366 (3d Cir. 1993). Furthermore, 18 U.S.C. § 4042 governs the government's duty of care involving injury to federal prisoners. See 18 U.S.C. § 4042;[17] Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987). That duty of care is one of ordinary diligence to keep prisoners safe from harm. Turner, 679 F. Supp. at 443.

In the instant case, Banks claims that defendants have a duty "to protect him from harm and defend his earning power to the fullest." (Doc. 9 at 4.) Banks further alleges that defendants breached that duty when "when they flat out refused to bring Bank's [sic] pay up to snuff with other inmates, refused to provide

---

[17]  18 U.S.C. § 4042(a) provides, in pertinent part:

(a) In general. - - The Bureau of Prisons . . . shall - -
    (1) have charge of the management and regulation of all Federal penal and correctional institutions;
    (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States . . . ;
    (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.

18 U.S.C. § 4042(a)(1)-(3).

bonuses, refused to place him in UNICOR even though he had signed a contract and even ignored his request because of his indigence to give him a tube of tooth paste."[18]  (Id.)

Defendants do not have a duty to defend Banks' "earning power to the fullest," because prisoners have no entitlement to a specific job, or even to any job. See James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989).   As a result, a claim for negligence on that basis fails.

There is no question that prison officials of the United States have a statutory duty to protect inmates from harm.[19]   However, Banks has failed to demonstrate a breach of that duty to protect inmates from harm.  Banks' dissatisfaction with his wages at USP-Canaan simply does not constitute a breach of the duty to protect him from harm.  As set forth infra, Banks is not entitled to the federal minimum wage provided to civilian non-prisoner employees.  Consequently, assuming that Banks' basis for claiming injury or loss[20] was due mainly to defendants' failure to compensate him with the federal minimum wage, he has failed to state an actual injury or loss.   Further, the BOP's investigation found that Banks was compensated properly for his landscaping duties, and, in fact, had received a bonus for his work.

---

[18]   None of Banks' requests for administrative remedies make mention of a request for toothpaste.  (Doc. 26-2 at Ex. 1.)  As such, Banks has not exhausted his administrative remedies with respect to this claim, and the court will not address it.

[19]   See supra note 17, at 20.

[20]   Banks claims he was injured "because he is out all the money he should be making in an amount exceeding $50,000.00." (Doc. 30-2 at 5.)

In sum, the court finds no harm has been established by Banks, let alone a breach of the duty to protect him from harm.

### 3.   **False Claims Act**

In his claim under the False Claims Act ("FCA"), <u>see</u> 31 U.S.C. § 3729 *et seq.*,[21] Banks asserts that defendants are violating the FCA by not paying him the

---

[21]  31 U.S.C. § 3729 provides, in part:

(a) Liability for certain acts. - - Any person who - -
    (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
    (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
    (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;
    (4) has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt
                        * * *
is liable to the United States Government for a civil penalty or not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . . .

31 U.S.C. § 3729(a)(1)-(4).

minimum wage afforded civilian non-prisoner federal employees.[22]   In doing so,

Banks claims, defendants are "deceiving the United States."  (Doc. 9 at 3.)  In their

motion to dismiss, defendants contend that Banks' claim here fails because he is not

entitled to the federal minimum wage simply because of his status as a federal

inmate.  The court agrees with defendants.

Provisions relating to the federal minimum wage are found in the Fair Labor

Standards Act ("FLSA"), see 29 U.S.C. §§ 201-209.  Section 206(a) of the FLSA reads

in relevant part:

> Every employer shall pay to each of his employees who in any
> workweek is engaged in commerce or in the production of goods for
> commerce, or is employed in an enterprise engaged in commerce or in
> the production of goods for commerce, wages at the following
> rates . . . .

29 U.S.C. § 206(a).

The Third Circuit Court has explicitly held that prisoners who perform intra-

prison work are not entitled to minimum wages under the FLSA.  Tourscher v.

McCullough, 184 F.3d 236, 243 (3d Cir. 1999).  In doing so, the Third Circuit Court

found that each circuit that has addressed the question of whether an inmate is

entitled to the federal minimum wage has concluded that prisoners producing

---

[22]   Banks has not asserted his FCA claims with particularity as required by
law and in accordance with Federal Rule of Civil Procedure 9(b), see United States
ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc., 149 F.3d 227, 234 (3d
Cir. 1998).  The court notes that there are several elements that must be set forth in
order to establish a *prima facie* claim under the FCA.  See United States ex rel.
Schmidt v. Zimmer, Inc., 386 F.3d 235, 242 (3d Cir. 2004).  Because Banks has not
initially established his right to receive the federal minimum wage as a federal
inmate, the court need not determine whether Banks has satisfied these elements.

goods and services used by the prison should not be considered employees under

the FLSA.  <u>See</u> <u>id</u>. (citing <u>Gambetta v. Prison Rehabilitative Indus.</u>, 112 F.3d 1119,

1124-25 (11th Cir. 1997); <u>Danneskjold v. Hausrath</u>, 82 F.3d 37, 43 (2d Cir. 1996);

<u>Reimoneng v. Foti</u>, 72 F.3d 472, 475 n.3 (5th  Cir. 1996); <u>Henthorn v. Dept. of Navy</u>,

29 F.3d 682, 684-87 (D.C. Cir. 1994); <u>McMaster v. Minnesota</u>, 30 F.3d 976, 980 (8th

Cir. 1994); <u>Hale v. Arizona</u>, 993 F.2d 1387, 1392-98 (9th Cir. 1993) (en banc); <u>Franks

v. Oklahoma State Indus.</u>, 7 F.3d 971, 972 (10th Cir. 1993); <u>Harker v. State Use

Indus.</u>, 990 F.2d 131, 133 (4th Cir. 1993); <u>Miller v. Dukakis</u>, 961 F.2d 7, 8-9 (1st Cir.

1992); <u>Vanskike v. Peters</u>, 974 F.2d 806, 809-10 (7th Cir. 1992)).  The United States

Court of Appeals for the Second Circuit, in <u>Danneskjold</u>, reasoned,

> The relationship is not one of employment; prisoners are taken out of
> the national economy; prison work is often designed to train and
> rehabilitate; prisoners' living standards are determined by what the
> prison provides; and most such labor does not compete with private
> employers . . . .

<u>Danneskjold</u>, 82 F.3d at 42-43.

In the instant case, Banks indicates in his amended complaint that he is

employed by USP-Canaan as a landscaper on the USP-Canaan compound.  Banks

does not assert that any of his landscaping duties take place on any property other

than the USP-Canaan compound.  It follows, then, that Banks is only performing

intra-prison work, and therefore is not entitled to minimum wages under the FLSA.

Consequently, Banks' argument that defendants are violating the FCA by not

paying him the federal minimum wage fails, and defendants' motion to dismiss as it

relates to this claim will be granted.

**III.**   **Conclusion**

      For the reasons stated herein, defendants' motion to dismiss will be granted on the basis of Banks' failure to properly exhaust administrative remedies relating to his Bivens claims, and his failure to establish claims under the FTCA and the FCA.

      An appropriate order will issue.


                                 _S/ Christopher C. Conner_
                                 CHRISTOPHER C. CONNER
                                 United States District Judge


Dated:      May 31, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | **CIVIL ACTION NO. 1:06-CV-01232** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **ART ROBERTS, et al.** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 31st day of May, 2007, upon consideration of the motion to dismiss (Doc. 25), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.  The motion to dismiss (Doc. 25) the amended complaint is GRANTED as follows:

    a.  Plaintiff's <u>Bivens</u> claims relating to his federal wages are dismissed with prejudice.

    b.  Plaintiff's <u>Bivens</u> claims relating to USP-Canaan conditions are dismissed without prejudice for failure to exhaust administrative remedies.

    c.  Plaintiff's claim relating to stamps is dismissed as redundant to identical claims presented in <u>Banks v. One or More Unknown Confidential Informants of Federal Prison Camp Canaan, et al.</u>, civil no. 1:06-cv-1127.

    d.  Plaintiff's claim under the Federal Tort Claims Act is dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6).

    e.  Plaintiff's claim under the False Claims Act is dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6).

2.      The Clerk of Court is directed to CLOSE this case.

3.      Any appeal from this order is DEEMED frivolous and not in good faith.
See 28 U.S.C. § 1915(a)(3).


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge