IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | CIVIL ACTION NO. 1:06-CV-01232 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ART ROBERTS, ET AL.** | : | |
| Defendants | : | |

## MEMORANDUM

Presently before the court is plaintiff Frederick Banks' motion for reconsideration of the court's memorandum and order of May 31, 2007 (Doc. 31), dismissing his amended complaint, set forth as Bivens[1] claims, a Federal Tort Claims Act (FTCA) claim, a claim of negligence, and claims under the False Claims Act. For the reasons that follow, the instant motion (Doc. 33) will be denied.

I.   **Background**

Banks, an inmate currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI-Yazoo City"), filed an amended complaint alleging that prison officials at his former place of confinement, the Federal Prison Camp at Canaan in Waymart, Pennsylvania ("FPC-Canaan"), "refused to pay him the federal minimum wage even though he is a federal

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens actions are the federal counterpart to § 1983 claims brought against state officials. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson, 948 F.2d 1402, 1409 (3d Cir. 1991).

employee and is entitled to be payed minimum wage." (Doc. 9 at 1.) Banks also complained of dirty showers, a "diet of chicken and out dated pudding," and an overcrowded housing unit. (Id. at 5.) In addition, he claimed that FPC-Canaan staff were "curtailing his postage" in order to prevent his mailing of documents to the court and the filing of various administrative remedies. (Id.)

By memorandum and order dated May 31, 2007, the court dismissed Banks' amended complaint. (Doc. 31.) Specifically, the court found that Banks was not entitled to the federal minimum wage simply by virtue of his status as a federal inmate. In addition, the court dismissed his Bivens claims for failure to exhaust administrative remedies. In addition, the court dismissed his claim relating to stamps as redundant to identical claims presented in Banks v. One or More Unknown Confidential Informants of Federal Prison Camp Canaan, et al., civil no. 1:06-cv-1127. Finally, the court dismissed the FTCA claim and the False Claims Act claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Consequently, Banks filed the instant motion for reconsideration. (Doc. 33.) After careful review, the court will deny the motion.

**II.    Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening

change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Banks reiterates his claim that his efforts to fully exhaust his administrative remedies were obstructed by the defendants, as well as FCI-Yazoo City officials. Because of the obstruction, Banks argues that he has now exhausted his administrative remedies with respect to the Bivens claims. As a result, Banks requests that the court vacate its May 31, 2007, order, thus allowing

Banks to proceed on his <u>Bivens</u> claims.  In addition, he requests that the court stay his appeal pending the disposition of those claims.

Applying the standard used when a party seeks reconsideration, the court concludes that Banks has not demonstrated any of the applicable grounds for reconsideration.  Initially, the court finds no intervening change in controlling law and no error of law or fact.  Additionally, Banks' restated arguments do not constitute new evidence that was unavailable when the court entered judgment.  Thus, the court finds no basis to reconsider its findings.  Consequently, the court will deny Banks' requests to vacate the judgment and to stay his appeal.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:	August 8, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | **CIVIL ACTION NO. 1:06-CV-01232** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **ART ROBERTS, ET AL.** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 8th day of August, 2007, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for reconsideration (Doc. 33) is DENIED.

2. The motion to terminate judgment (Doc. 33) is DENIED.

3. The motion to stay appeal (Doc. 33) is DENIED.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge