# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:06-CV-1396** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JULIE NICLKIN**, et al., | : | |
| Defendants | : | |

-------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | **CIVIL ACTION NO. 1:06-CV-1232** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **ART ROBERTS**, et al., | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 4th day of January, 2010, upon consideration of plaintiff's motions (Civ. No. 1:06-CV-1396, Doc. 40; Civ. No. 1:06-CV-1232; Doc. 55) to vacate the orders authorizing withdrawal of funds from his inmate account to pay the filing fees for the above-captioned matters, as required by Prison Litigation Reform Act (PLRA), and it appearing that he seeks to be exempt from payment of the filing fees on the basis that he is an American Indian, as defined in 8 U.S.C. 1401(b) ("The following shall be nationals and citizens of the United States at birth: (b) a person born in the United States to a member of an Indian, Eskimo, Aleutian, or other

aboriginal tribe: Provided, That the granting of citizenship under this subsection shall not in any manner impair or otherwise affect the right of such person to tribal or other property"), and it further appearing that Banks relied on this argument in the past and was unsuccessful because the court reviewing the matter was not persuaded by the legal authority cited by Banks[1], and further, because "the only exception to the Prison Litigation Reform Act is when the 'prisoner is under imminent danger of serious physical injury.' See 28 U.S.C. § 1915(g)," see Banks v. Bradshaw, No. 5:08cv276, 2009 WL 901601, at *1 (S.D. Miss. March 31, 2009)it is hereby ORDERED that the motions are DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] In the other action, Banks argued that the Prison Litigation Reform Act (PLRA), specifically 28 U.S.C.1915(g), does not apply to him because he is a native American Lakota Sioux Indian. In support he cited to the cases of Daney v. United States, 247 F. Supp. 533, 536 (D.C. Kan.1965) (citations omitted); Blackbird v. Commissioner, 38 F.2d 976 (10th Cir. 1930); and Choate v. Trapp, 224 U.S. 665 (1912). see Banks v. Bradshaw, No. 5:08cv276, 2009 WL 901601, at *1 (S.D. Miss. March 31, 2009) The district court reviewing that matter was not persuaded by the case law.